## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LORRELLE BREZIAL-WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NYJAI MALONE AND )<br>UNITED STATES OF AMERICA, )<br>)<br>Defendants. ) | C.A. No. _____ |

## COMPLAINT

Plaintiff, Lorrelle Brezial-Williams, for her Complaint against Defendants, Nyjai Malone and United States of America, demands a trial on all issues and avers as follows:

### INTRODUCTION

1. This is an action against the United States of America under the Federal Tort Claims Act ("FTCA"), (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence in connection with an auto accident involving Plaintiff Lorrelle Brezial-Williams ("Plaintiff"), Defendant Nyjai Malone ("Defendant Malone"), and Gina DiMauro ("DiMauro"), an agent or employee of the United States Postal Service ("USPS") and Defendant United States of America.

2. The claims herein are brought against Defendant United States of America pursuant to the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), and Defendant Malone pursuant to 28 U.S.C. § 1367(a), for money damages as compensation for personal injuries caused by the joint and/or several negligence of Defendants.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the FTCA.

4. The suit has been timely filed, in that Plaintiff has timely served notice of her claim on the USPS less than two years after the incident forming the basis of this suit.

5. Plaintiff now files this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the USPS' response to and/or denial of administrative claim dated September 20, 2017. *Administrative Tort Claim Letter attached as Exhibit 1.*

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff is, and at all times relevant hereto was, a resident of the State of Delaware.

7. Defendant Malone is, and at all times relevant hereto was, a resident of the State of Delaware.

8. Defendant United States of America is sued for Plaintiff's personal injuries caused by the negligent or wrongful acts or omissions of its agent or employee, DiMauro. DiMauro was acting within the scope of her office or employment under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Delaware.

9. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

10. As to the claims asserted herein against Defendant Malone, the Federal District Court for the District of Delaware has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part, of the acts and omissions forming the basis of these claims occurred in Delaware.

## FACTS

12. On or about September 28, 2016, a motor vehicle operated by Defendant Malone and containing Plaintiff, collided with a motor vehicle operated by DiMauro, an agent or employee of Defendant United States of America. The collision occurred on Governor Printz Boulevard/US 13, near E. 28th Street, in Wilmington, Delaware.

13. At all times pertinent, DiMauro was an agent or employee of Defendant United States of America.

14. As a result of the accident, Plaintiff was seriously injured.

## CLAIM FOR RELIEF: NEGLIGENCE

15. The aforesaid motor vehicle collision and consequent injuries to Plaintiff were proximately caused by the joint and/or several negligence of Defendants, in that one or both Defendants:

(a) caused their vehicles to move when such movement could not be made with reasonable safety, in violation of 21 Del. C. § 4154;

(b) drove their vehicles at a speed greater than is reasonable and prudent under the conditions and without having regard to the actual and potential hazards then existing, in violation of 21 Del. C. § 4168;

(c) operated their vehicles in a careless or imprudent manner, without due regard for the road, weather, and traffic conditions then existing, in violation of 21 Del. C. § 4176(a);

(d) failed to give full time and attention to the operation of a vehicle, or failed to maintain a proper lookout, in violation of 21 Del. C. § 4176(b); and

(e) otherwise failed to comply with common law duties of care, control, and lookout.

16. As a result of the aforesaid joint and/or several negligence of Defendants, Plaintiff suffered bodily injuries, mental anguish and emotional distress, and incurred special damages.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and/or severally, for compensatory damages, plus pre and post judgment interest, allowable attorneys' fees, and the costs of this suit.

Respectfully submitted:


CICONTE SCERBA LLC

*/s/ Adam F. Wasserman*
Adam F. Wasserman, Esquire (#5814)
1300 King Street
P.O. Box 1126
Wilmington, DE 19899
(302) 658-7101
*Attorneys for Plaintiff*



KENNETH ROSEMAN, P.A.

*/s/ Kenneth M. Roseman*
Kenneth M. Roseman, Esquire
1300 King Street
P.O. Box 1126
Wilmington, DE 19899
(302) 658-7101
*Attorneys for Plaintiff*